### EHLERS v BELL

Ohio Appeals, 5th Dist, Stark Co
No 1040A.   Decided Oct 17, 1930

LEMERT, J.

The judgment set out in plaintiff's petition was taken on the 14th day of January, 1924, at which time Mary Bell was the owner of the premises in question, having purchased the premises on a land contract, as hereinbefore stated.

On the 23rd of January, 1928, and within five years from the date of the judgment, a levy was made upon the premises in question. Mary Bell assigned her interest in the land contract on said premises to Anna Santangelo on the 25th day of March, 1928, and more than two months after judgment was taken by Max Levine on his three thousand dollar note.

. We submit that under **11655 GC**, a judgment becomes a lien upon the vested interest of a judgment debtor from the date of the judgment by confession.

**89 Oh St 288**

According to the above case a judgment by confession becomes a lien upon all the equitable interest of the debtor in the county from the date of the judgment and even goes so far as to state that the levy or execution need not be made in order to make a judgment a lien upon the real estate in the county.

As to the second and third questions, the evidence shows that as to form the note was correct and the evidence shows that the note was given as security for signing a bond for one Mable Kennedy. The Record shows that there was a petition filed, an answer filed and a journal entry filed in due form, and that a judgment for $3200.00 was entered by reason of the proceedings therein. The evidence shows that the note contained a waiver executed by a practicing attorney, who would appear in Court as an attorney of record and confess judgment, and further that no steps were taken to set aside the judgment.

In Kincaid's Ohio Civil Trial and Procedure, upon the question of appeal and error, in Sec. 78, it is provided among other things

"The standing of parties in Court wherein a collateral attack is made or for fraud in obtaining judgment, etc. judgments are not only protected from collateral attacks on account of errors, but the parties thereto cannot in a collateral proceeding impeach them for falsehood or fraud in the judicial tribunal by which it was rendered. The parties to an action cannot impeach or set at naught the judgment in any collateral proceeding on the ground that it was obtained through fraud or collusion. It was their business to see that it was not so obtained. If without any fault or neglect of a party, his adversary succeeds by fraud in obtaining an inequitable and unauthorized judgment, he must take such proceedings prescribed by law to annul the judgment and cannot in the absence of such annulment treat it as invalid.

**12 Oh St 60**
**84 Oh St 370.**

In the case at bar there was a cognovit judgment entered upon the warrant of an attorney, and a judgment on the warrant of an attorney cannot be attacked collaterally.

**13 Oh St 446**

A judgment cannot be attacked collaterally unless it is void.

**12 O. C. C. N. S. 401**

If a court has jurisdiction of a party and the subject matter, its judgment however irregular or erroneous is binding until reversed and such errors are not available on collateral attack on the judgment or the

title under it.

**62 Oh St 90**

**79 Oh St 89**

On the question of relief on the ground of fraud, an action must brought within four years from the time of the fraud or the discovery of the same.

**G. C. 11224.**

In this case, the petition of the plaintiff was filed on the 28th of February, 1928, more than four years after the day of judgment and alleged fraud of the plaintiff.

We are satisfied from the record before us that Mary Bell learned of said judgment a long time before the running of the statute of limitations. As to whether or not fraud has been proved in this case, it appears to us as if the statute of limitations had run against the defense of fraud and even if the statute of limitations has not run against the defense of fraud we would be compelled to hold against the defense of fraud for the reason that fraud has not been proved.

The case cited in defendant's brief and upon which defendants largely rely, to-wit, **41 Oh St 514,** we note that in that case, the fraud complained of was fraud that went to the jurisdiction of the Court and that action was an original action attacking directly the judgment.

Therefore holding these views, the same judgment will be entered in this Court as was entered in the Court below.

Exceptions may be noted.

Houck, J, and Sherick, J, concur.